UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON - AT TACOMA

| | |
|---|---|
| MELODIE LEIFESTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES 1-20, inclusive,<br><br>Defendants. | NO. 3:26-cv-05539<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT FOR DAMAGES** |

Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm"), by and through its undersigned counsel of record, and hereby answers and responds to Plaintiff's Class Action Complaint for Damages ("Complaint") using like-numbered paragraphs as follows:

## I. NATURE OF THE ACTION

1.1. Defendant admits that Plaintiff brings this action on behalf of herself and purportedly on behalf of a putative class, but denies the claims have merit.

## II. JURISDICTION & VENUE

2.1. Admit that Plaintiff alleges she seeks damages in excess of three hundred dollars but deny this Court has jurisdiction. The United States District Court for the Western



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

District of Washington – Tacoma has jurisdiction under 28 U.S.C. § 1332(a) and (d)(2)A).

2.2 Admit that Defendant transacts business in Pierce County and has at least one employee in Pierce County but deny that venue is proper in Pierce County Superior Court. This case is properly venued in the United States District Court for the Western District of Washington – Tacoma.

## III. PARTIES

3.1. Defendant admits that Plaintiff worked for State Farm for a period of time. Defendant admits Plaintiff is a citizen of Washington and listed a Washington address during her employment. Otherwise, deny the remaining allegations contained in this paragraph.

3.2 Defendant admits that it is a mutual company organized under the laws of the State of Illinois. Defendant further admits that it conducts business in the State of Washington and in Pierce County, Washington, including insurance and financial services business. Defendant denies the remaining allegations contained in this paragraph.

3.3 Denied.

## IV. CLASS ALLEGATIONS

4.1 Defendant admits that Plaintiff brings this action on behalf of herself and purportedly on behalf of a putative class, but denies the claims have merit.

4.2 Paragraph 4.2 contains no allegations; therefore, no response is required. To the extent a response is required, Defendant denies.

4.3 Through 4.9 Denied.

## V. FACTUAL AND LEGAL ALLEGATIONS

5.1 Defendant admits that Plaintiff worked for Defendant. Defendant denies the remaining allegations contained in this paragraph.

5.2 Defendant admits that Plaintiff was classified as a remote employee. Defendant denies the remaining allegations contained in this paragraph.



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

5.3 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies.

5.4 Defendant admits that, at the time of her separation from State Farm, Plaintiff's base hourly rate was $26.98. Defendant further admits that, in addition to her hourly rate, Plaintiff would have been eligible for certain employee incentive compensation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

**Meal and Rest Period Violations**

5.5 Paragraph 5.5 contains no allegations; therefore, no response is required. To the extent a response is required, Defendant admits that Paragraph 5.5 purports to state part of the law concerning meal breaks and rest breaks in Washington.

5.6 Through 5.12 Denied.

5.13 Defendant admits that Plaintiff worked 39.50 hours during the June 14, 2025 to June 20, 2025 pay period, that Plaintiff worked 38.95 hours during the March 15, 2025 to March 21, 2025 pay period, that Plaintiff worked 38.75 hours during the March 22, 2025 to March 28, 2025 totaling 77.70 hours from March 15, 2025 to March 28, 2025, that Plaintiff worked 31.63 hours September 28, 2024 to October 4, 2024, and that Plaintiff worked 38.75 hours October 5, 2024 to October 11, 2024 totaling 70.38 hours from September 28, 2024 to October 11, 2024. Defendant denies all remaining allegations.

5.14 Through 5.17 Denied.

**Failure to Pay Minimum and Overtime Wages**

5.18 Through 5.24 Denied.



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

**Failure to Pay All Sick Leave**

5.25 Through 5.27 Denied.

**FIRST CAUSE OF ACTION**
**Failure to Compensate for Legally Noncompliant Meal and Rest Periods**
**RCW 40.12; WAC 269-126-092**
**On Behalf of Plaintiff and Class Members**

6.1 Defendant incorporates by reference its responses to paragraphs 1.1-6.1 of the Complaint as though fully set forth herein.

6.2 Paragraph 6.2 contains no allegations; therefore, no response is required. To the extent a response is required, Defendant states that the case and statute speak for themselves and therefore denies.

6.3 Paragraph 6.3 contains no allegations; therefore, no response is required. To the extent a response is required, Defendant states that WAC 296-126-091(1) speaks for itself.

6.4 Paragraph 6.4 contains no allegations; therefore, no response is required. To the extent a response is required, Defendant states that WAC 296-126-092(4) speaks for itself.

6.5 Paragraph 6.5 contains no allegations; therefore, no response is required. To the extent a response is required, Defendant states that the cases speak for themselves.

6.6 Paragraph 6.6 contains no allegations; therefore, no response is required. To the extent a response is required, Defendant states that the cases speak for themselves.

6.7 Through 6.10 Denied.

**SECOND CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**RCW 49.46, et seq.**
**On Behalf of Plaintiff and Class Members**

7.1 Defendant incorporates by reference its responses to paragraphs 1.1-7.1 of the Complaint as though fully set forth herein.



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

7.2 Paragraph 7.2 contains no allegations; therefore, no response is required. To the extent a response is required, Defendant states that RCW 49.46.090 speaks for itself.

7.3 Through 7.8 Denied.

## THIRD CAUSE OF ACTION
**Failure to Pay Overtime Wages**
**On Behalf of Plaintiff and Class Members**

8.1 Defendant incorporates by reference its responses to paragraphs 1.1-8.1 of the Complaint as though fully set forth herein.

8.2 Paragraph 8.2 contains no allegations; therefore, no response is required. To the extent a response is required, Defendant states that RCW 49.46.130 speaks for itself.

8.3 Paragraph 8.3 contains no allegations; therefore, no response is required. To the extent a response is required, Defendant states that the cases and statues speak for themselves.

8.4 Through 8.6 Denied.

## FOURTH CAUSE OF ACTION
**Violation of RCW 49.46.210**
**On Behalf of Plaintiff and Class Members**

9.1 Defendant incorporates by reference its responses to paragraphs 1.1-8.4 of the Complaint as though fully set forth herein.

9.2 Through 9.3 Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff or the putative class is entitled to any relief, including the relief sought in subparagraphs A-G.

## GENERAL DENIAL

Except as expressly admitted above, Defendant denies each and every allegation in the Complaint.



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

## AFFIRMATIVE AND SEPARATE DEFENSES

BY WAY OF FURTHER ANSWER AND DEFENSE, Defendant alleges the following affirmative defenses:

1. The Complaint fails to state a claim for which relief may be granted.

2. Plaintiff has been paid all wages owed.

3. Plaintiff lacks standing as she has not suffered any injury.

4. To the extent Plaintiff has failed to mitigate her alleged damages, Defendant is not responsible for such damages.

5. To the extent Plaintiff's damages were caused by Plaintiff or others not under Defendant's control, or any other superseding cause, Defendant is not responsible for such damages.

6. The injuries and damages, if any, claimed by Plaintiff were proximately caused or contributed by the fault of Plaintiff, her own negligence, or actions of third parties.

7. Defendant's actions and conduct, to the extent those occurred as alleged, were objectively reasonable under the circumstances for which Defendant was then aware and complied with all legal obligations.

8. Defendant's actions or inactions were justified, legal, legitimate, and made in good faith, with reasonable grounds for believing its actions or inactions did not violate the law.

9. Defendant's wage violations, if any, were not willful.

10. There is a bona fide dispute as to whether Plaintiff and the putative class are owed additional wages.

11. Plaintiff and the putative class knowingly submitted to the violations, if any.

12. Any failure to pay wages, if any, was de minimis.

13. Plaintiff's claims, or those Plaintiff seeks to represent, are barred by waiver.

14. Some of Plaintiff's claims, or those Plaintiff seeks to represent, may be barred by compromise and settlement, accord and satisfaction, unclean hands, laches, waiver,



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

avoidable consequences, release, after-acquired evidence, and estoppel.

15. Plaintiff's proposed class fails to satisfy the prerequisites for class or collective treatment under applicable law and, therefore, the class or collective allegations in the Complaint should be stricken and dismissed.

16. Plaintiff's Complaint fails to adequately plead a valid class or collective claim in that it fails to state a valid claim for relief as to each allegedly similarly situated putative class member and fails to identify any other potential Plaintiff.

17. Class certification is inappropriate due to conflicts of interest between Plaintiff and putative class members, or between and among putative class or subclass members.

18. Plaintiff's claims are barred to the extent that any award in this action would constitute unjust enrichment.

19. Plaintiff's claims, or those she seeks to represent, are barred by the statute of limitations to the extent they involve transactions, events, or allegations and/or seek damages for periods of time outside the applicable limitations periods.

Defendant reserves the right to amend this answer to assert additional defenses or affirmative defenses, counterclaims, third-party claims or cross-claims as may be appropriate pending further discovery, and nothing contained in this Answer to Plaintiff's Complaint should be construed as a waiver of any such additional defenses or claims.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Complaint and having asserted its affirmative defenses thereto, Defendant respectfully requests the following relief:

1. Dismissing this action with prejudice;

2. Granting Defendant its reasonable attorney's fees, costs, disbursements, and all damages proven at trial, including, but not limited to, fees and costs pursuant to any and all pertinent statutory and common law provisions; and



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

3. For such other and further relief in Defendant's favor against Plaintiff as the court may deem just and equitable.

DATED this 26th day of May 2026.

FISHER & PHILLIPS LLP

By s/ *Catharine M. Morisset*
Catharine M. Morisset, WSBA #29682
Kylene Slocum, WSBA #58600
1700 7th Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 682-2308
Facsimile: (206) 682-7908
Emails: cmorisset@fisherphillips.com
kslocum@fisherphillips.com
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under the laws of the state of Washington that on the date written below, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jamie K. Serb, WSBA #62065
Crosner Legal, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
Email: jamie@crosnerlegal.com
*Attorneys for Plaintiff*

Executed on May 26, 2026, in accordance with 28 USC § 1746, at Seattle, Washington.

Jazmine Matautia, Legal Secretary



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908